**CLD-151**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1645
_____

In re: KELLEY JOSEPH MALA,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Civ. No. 3-21-cv-00075)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 12, 2022
Before:  AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: May 17, 2022)
_____

OPINION*
_____

**PER CURIAM**

Pro se appellant Kelley Mala has filed a petition for a writ of mandamus related to

his lawsuit pending in the District Court.  For the reasons that follow, we will deny the

petition.

In October 2021, Mala filed a civil rights action against DEA Agent Andres R.

Barandica Jimenez and two unidentified U.S. Customs Officers.  The Magistrate Judge to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

whom the case was referred directed Mala to submit proof that defendants had been served or show cause as to why his action should not be dismissed for failure to effect timely service, cautioning that failure to do either risked dismissal of the action. In response, Mala submitted copies of summons forms and U.S. Postal Service certified mail receipts. The Magistrate Judge recommended that Mala's complaint be dismissed without prejudice for failure to properly effectuate service of process. Mala timely filed objections to the Magistrate Judge's report and recommendation. The District Court has not yet issued a decision.

In March 2022, Mala filed a petition for a writ of mandamus in this Court. He asserts that although he properly effectuated service of process on defendants, the District Court has failed to adjudicate his case. Mala also contends that the Magistrate Judge exhibited bias in recommending that his complaint be dismissed.

We will deny the petition. "Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). "The first prerequisite – that the petitioner have no other adequate means to attain the relief sought – emanates from the final judgment rule: mandamus must not be used as a mere substitute for appeal." In

2

re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79 (internal quotations marks and citation omitted).

Here, Mala has an adequate means of relief in the District Court. At this stage, the District Court has not yet acted on the Magistrate Judge's recommendation. Without commenting on the merits of the Magistrate Judge's report and recommendation, we observe that the District Court can address Mala's contention about whether service of process was properly effectuated. We are confident that the District Court will consider Mala's objections to the Magistrate Judge's report and recommendation when issuing a decision. Moreover, after final judgment is entered, Mala can challenge an adverse decision on direct appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

To the extent that Mala alleges that the Magistrate Judge exhibited bias, mandamus relief is not warranted. His allegations are too vague and conclusory to demonstrate that the Magistrate Judge exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Insofar as Mala's bias allegation flows from the Magistrate Judge's recommendation, mandamus relief is not warranted on that basis, either. An unfavorable ruling, without more, is generally insufficient to demonstrate judicial bias. See id.; see also Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). The petition for writ of mandamus will be denied.